**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE LEE A. PULLUM,

        Debtor.

_____

LEE ANNA PULLUM,

        Appellant,

  v.

EAGLE VISTA EQUITIES, LLC,

        Appellee.

_____/

No. C 15-05270 JSW

**ORDER AFFIRMING APPEAL**

Re: Docket No. 1

      This matter comes before the Court upon consideration of the appeal filed by Appellant Lee Anna Pullum ("Pullum") from the United States Bankruptcy Court for the Northern District of California's order denying the ex parte application to vacate dismissal of the Chapter 13 bankruptcy case. Appellee Eagle Vista Equities, LLC ("Eagle Vista") opposes the application and requests that this Court affirm the order of dismissal entered by the Bankruptcy Court.

      Pursuant to Civil Local Rule 16-4, the Court deems this case submitted on the papers without oral argument. After review of the record on appeal, consideration of the parties' papers, and the relevant legal authority, the Court hereby AFFIRMS the Bankruptcy Court's ruling on Pullum's application to vacate dismissal.

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BACKGROUND**

The following facts are undisputed, unless otherwise noted.  On August 14, 2015, Eugene Pullum ("Mr. Pullum") filed a petition for bankruptcy in the United States Bankruptcy Court for the Northern District of California, Oakland Division.  When he filed the petition, Mr. Pullum named his mother, Lee A. Pullum as debtor, used her social security number, and signed her name.  Mr. Pullum filed the notice shortly before a trustee's sale was scheduled to occur in connection with non-judicial foreclosure proceedings on the family home located at 2311 Humboldt Avenue, Oakland, CA (the "Property").

The trustee's sale did go forward, and Eagle Vista purchased the property.  Thereafter, Mr. Pullum filed a lawsuit in the Superior Court of California for the Count of Alameda against Wells Fargo Bank, Eagle Vista's predecessor in interest.  In that complaint, Mr. Pullum alleged that Lee A. Pullum had died in December 2013, and that he and his brothers inherited the Property.  (First Amended Complaint ¶ 12.)

On September 30, 2015, the Bankruptcy Court dismissed the case due to deficiencies.  On that same day, Eagle Vista moved to annul the automatic stay (the "Motion to Annul").  On or about October 14, 2015, Ms. Lee Anna Pullum, Jr., Mr. Pullum's sister, through counsel, filed an Ex Parte Application to Vacate Dismissal of Chapter 13 Bankruptcy Case; Application to Correct Name of the Debtor; Application for Continuance of Hearing upon Eagle Vista Equities, LLC's Motion for Relief from the Automatic Stay (the "Ex Parte Application").

The Bankruptcy Court held a hearing on the motions on October 30, 2015.  On November 3, 2015, the Court issued an Order on the Motion to Annul, in which it found that "[a]ny automatic stay that may have come into existence upon the filing of the hereinreferenced bankruptcy case did not apply to the debtor named in the chapter 13 petition or" the Property.  On that same day, the Bankruptcy Court denied the Ex Parte Application.  The bankruptcy case was closed on November 6, 2015.

On November 13, 2015, Ms. Pullum filed her Notice of Appeal, in which she stated that she appealed the Order denying the Ex Parte Application.  Ms. Pullum did not reference the Order

1  Resolving Motion to Annul in her Notice of Appeal.  However, when she filed her Notice of

2  Designation of Record and Statement of Issues on Appeal, Ms. Pullum asserted that the Bankruptcy

3  Court erred "in declaring that there was no bankruptcy stay."  This Court has denied Eagle Vista's

4  motion to strike that portion of the appeal. Pullum filed a timely notice of appeal and elected to

5  proceed before this Court.  The merits of the appeal, regarding whether the Bankruptcy Court should

6  have dismissed the bankruptcy case due to its filing deficiencies, is squarely before this Court.  The

7  Court will address additional facts as necessary in its analysis.

8  **ANALYSIS**

9  The district court reviews the bankruptcy court's findings of fact for clear error and it

10  reviews the bankruptcy court's conclusions of law *de novo*.  *See In re Part-Helena-Corp.*, 63 F.3d

11  877, 880 (9th Cir. 1995).  The appellate court must review findings of fact for clear error and must

12  accept findings of fact made by the trial court unless the findings leave the appellate court with the

13  definite and firm conviction that a mistake has been committed by the trial judge.  *See In re Banks*,

14  263 F.3d 862, 869 (9th Cir. 2001)

15  Originally, the putative debtor in the bankruptcy filing was Lee Anna Pullum, Sr., who was

16  at the time of the filing, deceased.  According to the undisputed record, Mr. Pullum, untrained in

17  legal matters but vested with power of attorney and in rushed anticipation of a foreclosure sale on

18  the family home, filed the bankruptcy filing in his mother's name in an attempt to forestall the

19  foreclosure.  The parties agree that a deceased person cannot be a bankruptcy debtor.  By her Ex

20  Parte Application, Ms. Pullum sought to vacate dismissal of the Chapter 13 bankruptcy case and to

21  correct the error in the original filing made by her brother in their deceased mother's name and to

22  substitute her name as the debtor.  The Bankruptcy Court found that it lacked authority to substitute

23  an entirely different debtor retroactively and dismissed the matter.

24  Here, as in the Bankruptcy Court proceedings, Appellant argues that the Bankruptcy Code

25  provides that the court "may issue any order, process, or judgment that is necessary or appropriate to

26  carry out the provisions of this title."  Bankruptcy Code § 105(a).  However, no authority by statute

27

28

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1   or case law supports the analysis of this code provision to permit the court, in equity or otherwise, to

2   retroactively substitute a new debtor in the place of an original debtor on the bankruptcy case filings.

3         In *In re Bradley*, 342 B.R. 783, 789 (Bankr. N.D. Ind. 2005), the bankruptcy court found that

4   counsel had mistakenly filed the incorrect petition under the wrong name.  The court found that it

5   was not vested with the discretion to substitute one debtor for another, even assuming the original

6   mistake in filing was unintended.  Similarly, in *In re Shepherd*, 490 B.R. 338, 340-42 (Bankr. N.D.

7   Ind. 2013), the bankruptcy court found that it was without discretion to substitute a representative of

8   the decedent's estate for the debtor once he had passed during the pendency of the bankruptcy

9   proceedings.  The court held that "the opportunity to seek bankruptcy and the discharge that results

10  from it are personal to the debtor."  *Id.* at 342.

11        Just as the bankruptcy judge found, this Court is without authority or mechanism to remedy

12  the error made in the original filing on August 14, 2015 by Eugene Pullum is his deceased mother's

13  name.  *See id.* at 340 (holding that there "is no mechanism in either the Bankruptcy Code or the rules

14  of procedure for substituting another entity for the debtor in a bankruptcy case.")  Accordingly, this

15  Court AFFIRMS the decision by the Bankruptcy Court to deny the Ex Parte Application to vacate

16  dismissal.

17                                    **CONCLUSION**

18        For the reasons set forth above, the Court AFFIRMS the bankruptcy court's order denying

19  the Ex Parte Application for dismissal of the bankruptcy case.

20        **IT IS SO ORDERED.**

21   Dated: August 12, 2016                    _____

22                                             JEFFREY S. WHITE

23                                             UNITED STATES DISTRICT JUDGE

24

25

26

27

28

4